IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH GALOSKI, | ) | CASE NO.: 1:14 CV 553 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| STANLEY BLACK & DECKER, INC., | ) | |
| | ) | |
| Defendant. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Defendant, Stanley Black & Decker, Inc.'s ("Bland & Decker") Motion to Dismiss and to Strike Plaintiff Deborah Galoski's Class Allegations. (ECF #7). After careful consideration of the briefs and relevant law, and a review of the relevant files, records, and proceedings, this Court finds that Defendant's Motion should be DENIED.

## **BACKGROUND**[1]

Plaintiff, Deborah Galoski filed suit in the Cuyahoga County Court of Common Pleas, individually and behalf of a putative class, alleging that Defendant Black & Decker is marketing and selling electronic (ultrasonic) "pest repellers" that do not repel pests. The Complaint alleges breach of contract, fraud, breach of express warranty, and unjust enrichment. (ECF #1-1, p. 3-4, 9). Plaintiff has agreed to dismiss her claims of breach of contract and unjust enrichment, (ECF #13, p. 3, fn. 1), leaving only the claims of common law fraud and breach of express warranty. The Complaint further alleges that Black and Decker had reasons to know that its claims and representations relating to the purpose and efficacy of the electronic "pest repellant" products were false.

Black & Decker is a Connecticut corporation, headquartered in Connecticut, which is licensed to do business in Ohio, has a statutory agent in Cuyahoga County. Black and Decker transacts business and enters into contracts within the State of Ohio. Black & Decker removed this action from the Cuyahoga Court of Common Pleas to federal Court. (ECF #1).

Prior to the filing of this action, a different Plaintiff, Tawanna Fraiser, who is a Pennsylvania resident, filed a putative class action lawsuit in Connecticut under three sections of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b(a) ("CUTPA"), and under a theory of breach of warranty. There was no indication in the Complaint as to whether the breach of warranty claim was limited to Connecticut law, or whether it was intended as a nationwide class action encompassing the warranty laws of all fifty states. Ms. Fraiser claimed

---

[1] The facts set forth in this section are taken from the Plaintiff's Complaint and the undisputed facts set forth in the parties' briefs. They are accepted as true for purposes of this opinion only. They should not be construed as findings of this Court.

that the ultrasonic "pest repellants" marketed and sold by Black & Decker were ineffective and that Black & Decker misrepresented their efficacy. The Connecticut case was dismissed and judgment was entered in favor of Black & Decker before any class was certified. (ECF #13-1, 13-2). That case is currently pending on appeal in the Second Circuit. (ECF #21-1).

## LEGAL STANDARD

Black & Decker filed its motion seeking dismissal of Plaintiff's Class Action Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and/or for an Order striking Plaintiff's class action allegations under Fed. R. Civ. P. 12(b)(6) and 12(f). Federal Rule 12(b)(6) allows a defense of failure to state a claim upon which relief may be granted. Federal Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As an initial matter the Court finds that Fed. R. Civ.P. 12(f) is inapplicable to the issues and materials before it and therefore denies Defendant's request to strike the class action allegations. There is nothing redundant, immaterial, impertinent or scandalous contained in the Class Action Complaint or the class allegations. The sufficiency of the allegations and class definition are matters subject to other defenses, but there is no legal basis upon which to strike the class allegations contained in Plaintiff's Complaint.

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must

"consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1980). In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **ANALYSIS**

Defendant raises several theories in support of its motion to dismiss including: (1) first-to-file rule precludes the action; (2) Plaintiff lacks standing; (3) Rule 23 class requirements cannot be met; and, (4) Plaintiff's individual claims were not properly pled. Each will be addressed below.

A. First-to-File Rule

Under the so-called "first-to-file" rule, "when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which an action was first filed." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 688 (E.D. Tenn.

2005)(internal citations omitted). This doctrine promotes judicial economy and "encourages comity among federal courts of equal rank" when the "actions involve[] nearly identical parties and issues." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc*., 16 Fed. App'x 433, 437 (6th Cir. 2001). An action is considered duplicative under this doctrine when the "determination in one action leaves little or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997)(internal citations omitted). Defendants claim that Court should look to three factors when determining whether parallel actions are duplicative and subject to this first-to-file rule: (1) the chronology of the actions; (2) the similarity of the parties involved; and, (3) the similarity of the issues at stake." *Fuller*, 370 F.Supp.2d at 688.

In this instance, there are not two duplicative lawsuits pending in two federal courts of equal rank. The Connecticut case was dismissed in January of 2014, and is no longer pending. Although on appeal in the Second Circuit, the case is no longer pending in the Connecticut federal court of "equal rank." Once a case is no longer pending, res judicata, not the "first-to-file" rule would apply to determine whether future litigants should be bound by the prior decision. Defendant has made clear that they are not arguing res judicata or any type of issue or claim preclusion at this point in time.

Further, the cases are not otherwise duplicative, the Plaintiffs in the two cases are separate and unrelated; the claims are brought under a different state's law; and, the claims are brought under divergent legal theories. A decision on the merits of the Connecticut state law claims would not be determinative of the Ohio fraud and warranty claims raised by this Plaintiff. Although the basic product description and defendant are the same, and both cases raise issues relating to the effectiveness of the product, this is not sufficient to make the cases "duplicative."

Finally, neither Ms. Galoski nor any putative class member subject to the class action claims raised in her Complaint have been made parties to any other class action. In the absence of a "properly certified class action, handled with the procedural safeguards both state and federal rules afford, normal privity analysis must govern whether nonparties to an earlier case can be bound by the result. There would be little point in having Rule 23 if courts could ignore its careful structure and create de facto class actions at will[.]" *Tice v. American Airlines, Inc*., 162 F.3d 966, 972-73 (7th Cir. 1998). The Sixth Circuit has also repeatedly found that putative class members are not part of an action prior to class certification, nor are they bound by any decision rendered before a class is certified. *See, e.g., Becherer v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 193 F.3d 415 (6th Cir. 1999); *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877 (6th Cir. 1997).

Neither Ms. Galoski nor any putative class member in this action could have taken part in the Connecticut case. None of these individuals acquiesced to be represented in the Connecticut case. There is no evidence that would suggest any of these individuals were even aware of the Connecticut case, and there is a strong suggestion that neither Ms. Galoski, nor many of the individuals in her putative class action would have been legally able to join a class action raising Connecticut law claims. Therefore, the parties and legal claims in this case are materially different and this action does not constitute a "duplicative" litigation under the "first-to-file" rule.

B. Plaintiff's Standing

Defendant has also argued that Plaintiff lacks standing to raise class action claims for any product that she, herself, had not purchased. The Complaint addresses all electronic pest control

-6-

devices manufactured and marketed by Black & Decker, which advertise that they repel "mice, cockroaches, spiders, and other pests," using "ultrasonic waves." Plaintiff has not identified the specific model number of the product she purchased, but has described the type of product, the mechanism by which the product claims to work, and the advertising claims made on the product packaging and in the user manuals available on line. She also included a copy of the packaging for the specific device she purchased.

Black & Decker argues that she should not be allowed to bring a class action suit on behalf of purchasers who purchased similar products that may have had different model numbers. In support of its contention, Black & Decker cites to no cases from within the Sixth Circuit. It cites only two unreported cases from different California jurisdictions which have been discredited by other California courts and which run contrary to the law in the Sixth Circuit. *See, Werderbaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2013 U.S. Dist. LEXIS 14178, at *44-45 (N.D. Cal. Oct. 2, 2013); *Fallick v. Nationwide Mutual Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). [2] Defendant also cites to an 8th Circuit case that stands for the proposition that "a named plaintiff cannot represent a class of persons who lack the ability to bring a suit themselves." The holding in the Eighth Circuit case has no relevance to Ms.

---

[2] Although the cases themselves have more relevant points, Defendants cite the two California District Court cases for the holding that a Plaintiff may not assert claims on behalf of a class to which she does not belong. In one case, this premise is mere dicta. More importantly, however, this purported holding does nothing to preclude Ms. Galoski from bringing her class action claims because she is a member of the purported class as it is currently defined in her Complaint. According to the allegations in the Complaint, she has "purchased one or more electronic pest control devices manufactured and/or marketed by Stanley Black & Decker, Inc., including but not limited to, the Black & Decker-branded Electronic Pest Repellers." (ECF #1-1). Therefore, at least at this stage of the proceedings, she must be assumed to be a member of the purported class as it is defined in the Complaint.

Galoski's standing to bring this lawsuit. There is no allegation or indication whatsoever that the purported class members somehow lack the ability to bring a suit themselves.

It is true that individual standing based on the existence of a personal case or controversy is a prerequisite for class action suits. See *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Defendants, however, do not argue that Ms. Galoski has failed to establish that she has a personal case or controversy at issue. They have not sought to dismiss her individual claims on the basis of standing. Rather they, in effect, seek to limit the class definition to include only other individuals who purchased the exact same model number as Ms. Galoski purchased. The Sixth Circuit has addressed such arguments not as the basis for a motion to dismiss, but more properly as a question of typicality under the Rule 23 analysis for class certification. *See, Fallick v. Nationwide Mutual Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). Further a finding of typicality is not barred by the inclusion of products, never purchased by the class representative, as long as the products were similar enough and the alleged defect or misrepresentation about the products' efficacy is uniform across the Defendant's product line. *See, Forcellati v. Hyland's, Inc.,* No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, *32 (C.D. Cal. Apr. 9, 20114). This finding by the California court in *Forcellati,* is in keeping with decisions from federal courts in Ohio and other jurisdictions that have found there is a low threshold for satisfying the typicality requirement, and that it can be satisfied so long as the plaintiff alleges a common scheme relative to all members of the class. *See, e.g., Salvagne v. Fairfield Ford, Inc.*, 264 F.R.D. 321, 328 (S.D. Ohio 2009); *In Re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 406 (S.D. Ohio 2007); *Schoenbaum v. E.I. du Pont de Nemours and Co.*, No. 4:05CV01108 ERW, 2009 U.S. Dist. LEXIS 114080, at * 24 (E.D. Mo. Dec. 8, 2009); *Weisfeld v. Sun Chem.*

*Corp.,* 210 F.R.D. 134, 140 (D.N.J. 2002; *Marcus v. BMW of North America*, LLC, 687 F.3d 583 (3rd Cir. 2012); *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 261 (D.D.C. 2002).

It is clear that, taking the facts as alleged in the Complaint, Ms. Galoski has alleged that each class member has suffered the same harm from the same defect and/or same misrepresentation present in each and every model number and version of the electronic pest repellants manufactured and/or marketed by the Defendant in this case. She alleges that the product, in any form, simply does not and cannot do what it claims to do, regardless of the size, strength, or packaging differences within the product line. The claims and allegations are uniform across the product line and would, if the facts alleged are correct, affect the purchaser of each version of this product line in exactly the same manner, regardless of which model number they purchased. If these assumptions and allegations prove not to be true, then the class could be redefined or certification could be denied at the appropriate time, however, there are no grounds to dismiss this case for lack of standing.

C. <u>Rule 23 Class Requirements</u>

Any determination as to the appropriateness of class certification at this stage of the litigation would be premature. The Plaintiff has raised claims that could, if the alleged facts are true, be an appropriate basis for a class action lawsuit. The current definition does not specifically identify the geographic scope of the proposed class, but leaves open the possibility of a nationwide class. The scope of the certification, be it nationwide or state-wide, is better determined after class discovery has been completed, and if any adjustments to the proposed class definition are warranted, they can be addressed at that time. "[D]istrict courts have broad

discretion to modify class definitions. . . ." Powers v. Hamilton Cty. Public Defender Commission, 501 F.3d 592 (6th Cir. 2007). Although there can be problems certifying a nation-wide class action for state law claims, there is nothing that would prevent the Court from limiting the purported class to purchasers within the state of Ohio, or to establishing sub-classes, if the evidence and applicable legal standards do not support certification of a nationwide class. Fed. R. Civ. P. 23(c)(1)(B) and (c)(5).

D. Plaintiff's Individual Claims

Finally, Defendant seeks to dismiss the Complaint in this case on that basis that Plaintiff failed to plead fraud with the required particularity under Fed. R. Civ. P. 9(b) and that she failed to provide notice of her warranty claim as required by O.R.C. § 1302.65 (C)(1). Plaintiff's Complaint does state a claim for both fraud and breach of warranty with enough specificity to survive Defendant's motion to dismiss. The Complaint clearly states the representation claimed to be false (electronic ultrasound repels pests), the entity that allegedly made the representation (the Defendant), how that was conveyed to the Plaintiff (via representations printed on the product packaging), when the representation was made (when the representations were displayed to the public), and her reliance on those representations (she bought the product to repel pests). Defendants clearly are on full notice of what Plaintiff's claims entail and have the information needed to investigate their defenses.

Finally, the question of whether the Defendant received sufficient pre-litigation notice of the alleged breach of warranty under O.R.C. § 1302.65(C)(1) is more appropriately addressed at a later stage of litigation. The Ohio Supreme Court has held that the determination of whether

discretion to modify class definitions. . . ." Powers v. Hamilton Cty. Public Defender Commission, 501 F.3d 592 (6th Cir. 2007). Although there can be problems certifying a nation-wide class action for state law claims, there is nothing that would prevent the Court from limiting the purported class to purchasers within the state of Ohio, or to establishing sub-classes, if the evidence and applicable legal standards do not support certification of a nationwide class. Fed. R. Civ. P. 23(c)(1)(B) and (c)(5).

D. Plaintiff's Individual Claims

Finally, Defendant seeks to dismiss the Complaint in this case on that basis that Plaintiff failed to plead fraud with the required particularity under Fed. R. Civ. P. 9(b) and that she failed to provide notice of her warranty claim as required by O.R.C. § 1302.65 (C)(1). Plaintiff's Complaint does state a claim for both fraud and breach of warranty with enough specificity to survive Defendant's motion to dismiss. The Complaint clearly states the representation claimed to be false (electronic ultrasound repels pests), the entity that allegedly made the representation (the Defendant), how that was conveyed to the Plaintiff (via representations printed on the product packaging), when the representation was made (when the representations were displayed to the public), and her reliance on those representations (she bought the product to repel pests). Defendants clearly are on full notice of what Plaintiff's claims entail and have the information needed to investigate their defenses.

Finally, the question of whether the Defendant received sufficient pre-litigation notice of the alleged breach of warranty under O.R.C. § 1302.65(C)(1) is more appropriately addressed at a later stage of litigation. The Ohio Supreme Court has held that the determination of whether

adequate notice was timely provided to the seller is generally a question of fact. *See, AFG, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177, 181 , 555 N.E.2d 634, 637 (1990); *Chemtrol Adhesives, Inc. v. American Manufacturers Ins. Co.*, 42 Ohio St.3d 40, 54, 537 N.E.2d 624 (1989). This general premise, combined with the allegations in the Complaint stating that Defendant was aware that these devices did not work when it advertised and offered its product for sale, is sufficient to preclude dismissal at this point in the proceedings.

## **CONCLUSION**

For the reasons set forth above Defendants' Motion to Dismiss (ECF #7) is GRANTED in part and DENIED in part. The motion is granted, without opposition, with regard to Counts Two (Breach of Contract) and Four (Unjust Enrichment). The Motion is denied in so far as it applies to Counts One (Fraud) and Three (Breach of Warranty). IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  August 14, 2014