IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GALOSKI, individually and on behalf of all others situated, ) | CASE NO. 1: 14 CV 553 |
| Plaintiff, ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| APPLICA CONSUMER PRODUCTS, ) | MEMORANDUM OPINION AND ORDER |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for Class Certification. (ECF # 55). Defendant, Applica Consumer Products, Inc. filed a brief in opposition to the motion for class certification, and Plaintiff filed a Reply in support of her motion. (ECF #58, 60). For the reasons that follow, Plaintiff's Motion is GRANTED.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The named Plaintiff, Deborah Galoski, brought this action on behalf of herself and other individuals who purchased ultrasonic or electronic pest repellers ("pest repellers") marketed by Defendant, Applica Consumer Products, Inc. from February 7, 2010 to February 7, 2014. The

First Amended Complaint raised claims of breach of express warranty under the Uniform Commercial Code, and of fraud. This Court granted summary judgment to the Defendant on the fraud claim, dismissing it with prejudice. Therefore, the only remaining claim in this case is a claim for breach of express warranty based on representations made on the product's packaging. Plaintiff alleges that the products cannot, under any circumstances, repel pests as represented on the product packaging.

## II. DISCUSSION

### A. Standard of Review

The plaintiff bears the burden of proof in arguing that a potential class should be certified. *General Tel. Co. v. Falcon*, 457 U.S. at 161; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand*, 437 U.S. at 469 (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)). While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification. *Falcon*, 457 U.S. at 160. Thus, it is appropriate for the Court to look not only to the pleadings but also to additional exhibits and information submitted by the parties in deciding the motion for certification.

A court must perform a "rigorous analysis" of the requirements of Federal Rule of Civil Procedure 23 in deciding whether to certify a class. *Falcon*, 457 U.S. at 147; *accord Stout v.*

*J.D. Byrider*, 47 F.3d 709, 716 (6th Cir. 2000).   Rule 23 of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action.  FED. R. CIV. P. 23(a).  Members of a class

> [M]ay sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).  Thus, the named representatives may only be certified as a class under Rule 23 if the representatives meet the requirements of numerosity, commonality, typicality, and adequacy of representation.

Assuming the requirements of Rule 23(a) are met, the class action may be maintained only if it also meets the requirements of one of the subsections of Rule 23(b).  FED. R. CIV. P. 23(b).  Under Rule 23(b),

> An action may be maintained as a class action if . . .(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FED. R. CIV. P. 23(b)(3).  In addition to the Rule 23 requirements, both parties have noted that courts in this circuit have recognized that ascertainability of class members is a prerequisite of Rule 23.  *See Romberio v. Unumprovident Corp*., 385 F. App'x 423, 431 (6th Cir. 2009); *Givens v. Van Devere, Inc*., 2012 U.S. Dist. LEXIS 131931, *15 (N.D. Ohio 2012).

Plaintiffs allege that the class meets the requirements of Rule 23(a) and 23(b)(3). Defendants argue, however, that the class is not ascertainable; Plaintiff cannot establish question of fact or law common to class members' claims; Plaintiff's claims are not typical of other

-3-

putative class members; Plaintiff is not an adequate class representative; and, variations in state law defeat predominance.

**B. Analysis**

    1. <u>Numerosity/Ascertainability of the Class</u>

Applica does not contest that its records show it sold 949,137 pest repellers nationwide, during the putative class period.  Nor does it contest that this number of potential class members is sufficient to establish the numerosity requirement of Fed. R. Civ. Pro. 23(a)(1).  Rather, Applica challenges the ascertainability of the class.  In order to satisfy this requirement, a court "must be able to resolve the question of whether the class members are included or excluded from the class by reference to objective criteria."  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012).  The proposed class in this case is defined by wholly objective criteria. Members of the class must have purchased a product marketed by Applica, sold under the Stanley Black & Decker trademark, that represents itself as an "ultrasonic" or "electric" "pest repeller."  The model numbers of all relevant products have also been provided.  Further, they must have purchased such product between February 7, 2010 and February 7, 2014.  There is absolutely nothing subjective about this criteria and it easily meets the test of being an objectively defined class.[1]

Applica contends that the class is not objectively identifiable because Applica, itself, keeps no records of purchases or purchasers.  A company's failure to keep purchase records

---

[1] The reliance issue raised by Defendant is moot because the Court has dismissed the fraud claim in the First Amended Complaint.  Therefore the only reliance alleged is reliance on the packaging which describes the purpose of the product and creates the warranty at issue in this case.  It is safe to say that all, or nearly all, purchasers of this product relied on the packaging name and description to identify the product and its intended purpose.

cannot provide an automatically defense to class certification. *Rikos v. P&G*, 2014 U.S. Dist. LEXIS 109302 (S.D. Ohio 2014). If it could, manufacturers and other sellers could all too easily insulate themselves from all class actions by simply failing or refusing to keep to sales records. The Sixth Circuit does not require that the Defendant be able to specifically identify each class member, but only that a prospective class member be able to identify him or herself as having a right to recover or opt out based on the description of the class. *Rikos*, 2014 U.S. Dist. LEXIS 109302 at 17-18. Defendant's argument, therefore, goes not to the ascertainability of the class, but rather to the verification of the claims should the Plaintiffs prevail. This is an issue to be addressed at a later time, and only if necessary.[2] The class as proposed by the Plaintiff is objectively defined and easily ascertainable and several options are available to provide notice to potential class members and protect against potentially false claims. Further, the Defendant does have records of the total number of sales during the class period, therefore, any fear that they will have to pay out on unsubstantiated claims is somewhat mitigated as they know what their ultimate maximum responsibility would be.

2. <u>Common Questions of Fact or Law/Typicality of Plaintiff's Claims</u>

The only question of fact in this case is whether the Defendant's product can, under any circumstances, act as pest repeller. This question is common to all users of the product, and, all potential class members. Plaintiff has made clear that she is not alleging that the product was damaged or was not in working order, nor that it was ineffective as used or that the instructions

---

[2] Consumers who fit the class definition can be provide evidence of their inclusion through purchase records of the retailers, personal receipts, return of the allegedly defective products, affidavits, or otherwise.

were somehow insufficient to produce acceptable results. The contention in this case is that this product does not, and cannot, under any circumstances, repel pests as universally described on the packaging. If it cannot act as a pest repeller, and this can be scientifically proven, all purchasers are equally affected. If it can, with proper use, then Plaintiff concedes her case fails. Because the allegations are limited in this way, the questions of fact raised in this Complaint are common to all potential class members.

If the product at issue cannot provide a benefit under any circumstances, all purchasers are equally affected, regardless of their pattern of usage, or their perceived satisfaction or dissatisfaction with the product. Based on the allegations in the Complaint, either 0% or 100% of the proposed class members have been harmed. No one would have bought a pest repeller had they known that it was incapable of repelling pests. Further, the only remaining claim is breach of express warranty. As the representations on the packaging are alleged to have been identical in so far as they communicate that the product repels pests, and as Plaintiff has limited her arguments to the veracity of this universal statement, the differences in other wording on the packaging should not be relevant to the ultimate question of whether this product is capable of repelling pests. Thus, the common fact requirement is clearly satisfied in this case.

Typicality "is generally considered to be satisfied 'if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561-62 (8th Cir. 1982)(quoting C. Wright & A. Miller, Federal Practice and Procedure § 1764 at n.21.1 (Supp. 1982)). In other words, typicality is generally satisfied if the "representative plaintiff would be able to prove other class members' claims by proving his own claim." *Givens v. Van Deere,*

-6-

*Inc.*, 2012 U.S. Dist. LEXIS 131934, at *62 (N.D. Ohio 2012).  In this case, if Plaintiff can prove that ultrasonic or electric pest repellers cannot repel pests, as she is claiming, then she will, in fact, prove the other class members' claims as she proves her own.  *See, In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 406 (S.D. Ohio 2007).

      3. <u>Adequacy of Class Representative</u>

Defendant also contends that Ms. Galoski is not an adequate class representative because she testified that the product in this case provided some benefit.  This is a blatant misrepresentation of her testimony.  Ms. Galoski testified that while using the product she continued to have at lease some presence of pests, including mice, spiders, lady bugs, and fruit flies.  Defendant argues that this presence was negligible and that a reduction in the pest presence throughout five years of using the product is proof that the product actually worked as intended.  Ms. Galoski's position is that the presence of pests despite use of the product is only one form of evidence that the product did not work, and any reduction in her level of pest infestation was attributable to other changes and conditions and was in no way affected by the use of this product.

As the claim here is not what level of efficacy is acceptable, Defendants arguments that other variables operate to alter or interfere with the degree of success achieved by the product is without consequence.  The claim in this case is that regardless of what variables may be at play, and even under the perfect operating conditions, this product is incapable of repelling pests.  This may or may not be true, but that is the ultimate question to be determined.   Therefore, Defendant's defense in this case is common to all potential class defendants, this product can repel pests under the proper circumstances.  They need not show that those circumstances were

satisfied in each individual case, they need only show that under some circumstances, the product can repel pests, as the packaging indicates.   Therefore, Plaintiff is an adequate class representative for the specific claim at issue in this lawsuit.

Defendant also argues that Plaintiff is not an adequate representative because she did not give the Defendant pre-suit notice of the alleged defect.  As set forth in this Court's opinion denying summary judgment on the breach of warranty claim, however, Ohio law has acknowledged that there may be circumstances under which the filing of a lawsuit may satisfy the notice requirement under Ohio's UCC.  Further, for the reasons set forth in that opinions, if during full discovery, Plaintiff is able to uncover evidence that Applica had actual or constructive knowledge that this product was incapable of performing as a pest repeller, the circumstances of this case would appear to justify allowing the filing of the suit to satisfy the notice requirement.  Therefore, if the notice requirement is satisfied, Plaintiff would be an adequate representative.  If following discovery, there is no evidence that Defendant has actual or constructive notice of the alleged defect, then this issue may be re-visited.

4. <u>Predominance</u>

For a class action to be maintained under Rule 23(b)(3), the court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).  Further, the court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).  According to the Supreme Court,

> [T]he predominance requirement of Rule 23(b)(3) is similar to the requirement of Rule 23(a)(3) that "claims or defenses" of the names representatives must be "typical of the claims or defenses of the class."  The words "claims or defenses" in this context . . . "manifestly refer to the kinds of claims or defenses that can be raised in

-8-

courts of law as part of an actual or impending law suit."

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (citing *Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring in part and concurring in judgment)).  Further, while "[s]ubdivision (b)(3) parallels subdivision (a)(2) in that both require that common questions exist . . . subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *In re Am. Med Sys., Inc.* 754 F.3d at 1084 (quoting 1 *Newberg, supra*, §3.10, at 3-56).  Essentially, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

When a court determines whether common issues predominate, it "'is under a duty to evaluate the relationship between the common and individual issues' . . . and determine the relative weight and importance of the common and individual issues." *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1778 at 518 (2d ed. 1986)).  The only remaining issue in this case is whether Applica's product, packaged and marketed as a "pest repeller" is, in fact, capable of effectively repelling pests.  Defendant's argument relating to differences in fraud law and statute of limitations issues connected to the fraud claim are now irrelevant.

Defendant also argues, however, that there are certain states that require pre-filing notice of express warranty claims and others that do not.  They argue that this distinction between state laws defeats the predominance requirement in Fed. R. Civ. Pro. 23.  While some courts have found class actions unworkable when multiple states' laws are applicable, others have found enough similarities

-9-

to find that the common issues of law and fact predominate. In this case, both parties appear to agree that breach of warranty claims in Ohio, California, Colorado, Illinois, New Jersey, and Texas do not require privity between the parties. This is an absolute necessity for a cause of action to go forward in this case. As privity is apparently required in all other states,[3] those states would not be able to be part of the defined class in this case. Therefore, any class must be limited, at least, to these six states.

Of those six states, California, Colorado, New Jersey and Texas have no pre-litigation notice requirement. Ohio has such a requirement, but it may not apply in this case, as previously noted. If the Court finds, following full discovery, that no pre-filing notice was required in this case, that finding would apply equally to all Ohio class members, and they would have the same legal requirements for recovery as those class members in California, Colorado, New Jersey and Texas. If the Court finds, following full discovery, that the Ohio notice requirement is not satisfied in this case, the case may be dismissed based solely on that element, and the class will be de-certified.

With respect to Illinois, Plaintiff contends that no pre-filing notice requirement exists in Illinois. However, Defendant has cited cases that appear to support the finding that pre-filing notice is required in Illinois when only economic losses are at issue. *See, Connick v. Suzuki Motor Co. Ltd.*, 174 Ill.2d 482,495, 675 N.E.2d 584 (1996); *Allstate Ins. Co. v. Daimler Chrysler*, No. 03 C 6107, 2004 WL 442679, at *2 (N.D. Ill. Mar. 9, 2004). Therefore, as only economic damages are at issue in this case, and no pre-filing notice has been alleged in this case, Illinois will not be a part of the class defined in this case.

---

[3] The Court is basing this finding on the representations and concessions by the parties and has not done an independent review of the breach of warranty laws in all fifty states.

-10-

Finally, Defendant argues that common legal issues do not predominate even amongst the remaining state's putative class members because Colorado has a three year statute of limitations for breach of express warranty, while the other states have a four year limitations period. This minor difference is not sufficient to defeat predominance in this case, as the questions of law or fact common to the members of the class are far more important than this limitations issue. The statute of limitations issue can be easily overcome without affecting the procedural and substantive development of the case by simply limiting the time period that defines Colorado class members.

### III. CONCLUSION

For the reasons stated above, the Court finds that class certification is warranted in this instance. The class mechanism is superior to other methods available to the parties for a fair and efficient adjudication of the controversy in this case. The class definition is limited, however, to purchasers in Ohio, California, Colorado, New Jersey and Texas. Because Colorado has a three-year statute of limitations on breach of warranty claims, the Colorado class plaintiffs are limited to purchasers who bought the product between February 7, 2011 and February 7, 2014. The Plaintiff's Motion for Class Certification is, therefore, GRANTED, subject to the class definition changes set forth above. IT IS SO ORDERED.

   /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED:  August 28, 2015