IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | |
|---|---|
| DEBORAH GALOSKI, individually and on behalf of all others situated, | CASE NO. 1:14-CV-00553 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | **JOINT MOTION FOR ORDER DIRECTING NOTICE TO CLASS AND APPROVAL OF PROPOSED NOTICE PLAN AND NOTICE DOCUMENTS** |
| APPLICA CONSUMER PRODUCTS | |
| Defendants. | |

Plaintiff, Deborah Galoski, and Defendant, Applica Consumer Products, by and through the undersigned counsel (herein "the Parties") respectfully move this Court to order that notice of this action be issued to the classes certified by this Court, and approve the plan, outlined below, for such issuance of notice to the class. Further, the Parties request that the Court approve the draft forms of publication and mail notice attached hereto as Exhibit 1 and Exhibit 2, respectively.

Both the proposed plan and the notice documents have been agreed upon by the Parties. Accordingly, it is respectfully requested that this Court order the notice be issued in the manner set forth below, and in the attached Exhibits.

I. **Factual and Procedural History**

Plaintiff Deborah Galoski filed a putative class action against Defendant for its sale of "ultrasonic" pest repellers which allegedly did not perform as expected. On August 28, 2015, this Court granted Plaintiff's motion for class certification, certifying a class of purchasers in Ohio,

California, Colorado, New Jersey, and Texas. Order, Plaintiff's Motion for Class Certification (Granted) (Aug. 28, 2015).

## II. Law and Analysis

### A. Timing of Notice

Once a court determines that a case is suitable to move forward as a class action, notice of the litigation must be provided to class members. Fed. R. Civ. P. 23 does not specify definitively when such notice is proper, and leaves the determination up to the court. However, federal procedural materials have provided some guidance:

> Fed. R. Civ. P. 23 gives no guidance on when, in relation to the certification decision, notice should be given to class members under Fed. R. Civ. P. 23(c)(2)(B). However, Fed. R. Civ. P. 23(c) does indicate that class members in a Fed. R. Civ. P. 23(b)(3) class action are to be notified early enough to allow their voluntary exclusion prior to judgment, and to allow for effective appearance by counsel. Therefore, notice should be sent as soon as the court determines that a class action is maintainable, or should ordinarily be given promptly after the certification order is issued, in order to provide absent class members with an opportunity to intervene to protect their rights, or to opt out of the action.

5 Fed. Proc. Forms 11:123.

Accordingly, a court should direct that notice to class members be issued at the earliest possible time. *See Bremiller v. Cleveland Psychiatric Institute*, 898 F. Supp. 572 (N.D. Ohio 1995); *In re Home-Stake Production Co. Securities Litigation*, 76 F.R.D. 351, 380 (W.D. Okl. 1977) "[N]otice must be distributed to all class members at the earliest possible time.") (*citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140 (1974)).

The timing of the proposed notice in this case is appropriate.

## B. Notice Where Class Members are Unidentified

Federal courts have determined sufficient notice can be provided to class members despite having unidentified members of that class due to the nature of the claim. The United States Supreme Court expressed:

> This Court has not hesitated to approve of resort to publication as a customary substitute in [a] class of cases where it is not reasonably possible or practicable to give more adequate warning. Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 316, 70 S. Ct. 652 (1950). Rejecting defendant's argument that decertification was required in a case where not all class members were readily identifiable, the District Court for the Northern District of Illinois explained: "Direct notice is indeed ideal, but the requirement of 'personal notice' does not mean that each individual who is potentially a member of the class must receive actual notice of the class action." *Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.*, 271 F.R.D. 139 (N.D. Ill. 2010) (*citing Medina v. Manufacturer's & Traders Trust Co.*, No 04 C 2175, 2004 WL 3119019, at *3 (N.D. Ill. Dec. 14, 2004)). Noting its broad discretion to determine an adequate notice program, the *Shurland* court elucidated that the court "is called upon to ensure that each class member receives 'the best practicable notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."'" *Id.* (*citing F.C.V., Inc. v. Sterling Nat'l Bank*, 652 F. Supp.2d 928, 944 (N.D. Ill. 2009) (*quoting Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808, 105 S. Ct. 2965 (1985))). The court thus concluded "notice by publication may be sufficient when individual class members cannot be identified." *Id.* at 146.

In *Galvan v. KDI Distrib. Inc.*, a defendant distributor of calling cards was sued in a class action for false advertising for allegedly misleading consumers as to surcharges and the call time provided by the cards. No. SACV 08-0999, 2011 WL 5116585 (C.D. Cal. Oct. 25, 2011). Cards were sold through retailers, and defendant did not have records of individual purchasers. However, defendant did have records of the retailers which sold its cards, and the court found notice could be distributed in the same manner that defendant advertised its product: by posting class notice in the retail stores where the cards were sold, which would notify past purchasers to identify themselves in order to participate in the suit. *Id*. at *4. The court went on to explain that the best practicable notice in a case where the class members could not be identified was the creation of a settlement website, publication of a nationwide press release, a notice on all current calling cards, and the establishment of a toll-free number for questions. *Id.* at *4, n.3. *See*, *e.g.*, *Ersler v. Toshiba America, Inc.*, No. CV-07-2304, 2009 WL 454354, at *1 (E.D.N.Y. Feb. 24, 2009) (implementing several forms of notice for unidentified members of a class of purchasers against manufacturer of allegedly defective televisions, including posting notice at retailers where televisions were sold, publication of notice on a settlement website, and publication in two national newspapers and magazines), *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 107 (S.D.N.Y. 2007) ("While individual notice, where reasonably possible, is required, when class members' names and addresses may not be ascertained by reasonable effort, publication notice has been deemed adequate to satisfy due process."), *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1097-98 (5th Cir. 1977) (noting "[c]ourts have become increasingly willing to order notice through a variety of mechanisms—including demographically targeted publication—designed to reach unidentified or unidentifiable class members."); *In re Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 526 (3d Cir. 2004) (allowing notice of settlement

through a third party settlement administrator, who established a call center, created a website, and published notice in print media including national newspapers and magazines).

In this case, notice can be properly provided to class members similarly to the methods used in *Galvan* and *Ersler*. As in those cases, class members here are not readily identifiable because the purchased item at issue was bought from retailers and not directly from the Defendant manufacturer. The proposed notice plan, outlined below, is the best and most reasonable method to "satisfy the requirements of the due process clause and Rule 23," by providing notice "to reach as much of the class as possible." *Jermyn v. Best Buy Stores, L.P.*, No. 08 Civ. 00214, 2010 WL 5187746, at *3 (S.D.N.Y. Dec. 6, 2010) (*citing Mullane*, 339 U.S. at 317-18). Specifically, it provides mailed or emailed notice to identifiable class members, as well as printed notice at the place of purchase, various online publications, and an informational press release to reach national press outlets, to reach those class members that are not identified.

### III. Proposed Notice Plan

In *Hampton Hardware, Inc. v. Cotter & Co., Inc*., 156 F.R.D. 630, 634 (N.D. Tex. 1994), the court noted that once a class is certified, the court will look to the issue of the type of notice to be sent, explaining that its purpose is to give them the "opportunity to participate along with information about the nature of the action will be accomplished." In furtherance of this objective, and in accordance with the above law and analysis, the Parties submit the following proposed notice plan.

1. Class Counsel will work with the Notice Administrator (Angeion Medi Group or similar company) to send the Draft Notice by regular mail to any Class Members that can be identified by Defendant's records through U.S. Mail or by e-mail, if any such Class Members can be so identified.

2. Class Counsel will work with the Notice Administrator to post the draft class notice and other relevant information about this suit on a website, agreed to by the parties, for that exclusive purpose.

3. Defendant will provide the names, addresses, and any known contact information of all retailers, distributors, or other businesses which sold the pest repellers during the class period in the five states certified by this Court.

4. Class counsel will work with the Notice Administrator to provide notice to each retailer for posting in each of their stores where the pest repellers were sold in the five states certified by the Court, during the class period. The notice will be accompanied by a letter informing the retailer of this case, and the Court Order directing that posting to remain conspicuously posted during the notice period at the location in the store where recall or other product notices are posted. The letter will inform the retailer that it will be provided, free of charge, any additional copies of the poster upon request.

5. Class Counsel will work with the Notice Administrator to post web-notice through optimized and update optimized internet banner notices using Real Media Group (or similar company) allowing hyperlink access to the Class Website; and, an informational press release through PR Web, providing case information and contact information to readers.

## IV. **Payment of Costs and Expenses for Notice**

Plaintiff will be fully and solely responsible for any and all costs and expenses incurred in connection with the execution and administration of this notice plan. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978).

**IV.     Timing**

The Parties will work to complete the above notice framework within 30 days of any order by this Court granting the proposed notice plan and attached notice forms. Once notice has been perfected, as outlined in Section III, the parties will allow a period of 30 days for any individuals to exclude themselves, or "opt out," from this action as outlined in the proposed form notice documents attached hereto. The Parties will alert the Court through a joint status update when the 30 day "opt out" period has begun.

Further, the parties intend to move this Court for a continuance of the currently scheduled trial date, if the 30 day "opt-out" period would fall beyond the currently scheduled trial date of June 12, 2017.

**V.     Conclusion**

Accordingly, for the foregoing reasons, the Parties respectfully move this Court to order that notice of this action be issued to the class certified by this Court, and approve the plan, outlined above, for such issuance of notice to the class.

Dated: April 4, 2017                                Respectfully submitted,


*/s/Bradley B. Falkof [with permission]*            /s/*Frank A. Bartela*
Bradley B. Falkof                                   Patrick J. Perotti, Esq. (0005481)
BARNES & THORNBURG LLP                              Nicole T. Fiorelli, Esq. (0079204)
1 N. Wacker Drive                                   Frank A. Bartela, Esq. (0088128)
Chicago, IL 60606                                   DWORKEN & BERNSTEIN CO., L.P.A.
312-357-1313 (Office)                               60 South Park Place
bfalkof@btlaw.com                                   Painesville, Ohio 44077
                                                    Tel.: (440) 352-3391
Robert C. Folland (0065728)                         Email: pperotti@dworkenlaw.com
BARNES & THORNBURG LLP                                     nfiorelli@dworkenlaw.com
41 South High Street, Suite 3300                           fbartela@dworkenlaw.com
Columbus, Ohio 43215
614-628-1429 (Office)                               *Attorneys for Plaintiff Deborah Galoski and*
Rob.Folland@btlaw.com                               *the class*


*Attorneys for Defendant, Applica Consumer Products, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2017 a copy of the foregoing *Joint Motion for Order Directing Notice to Class and Approval of Proposed Notice Plan and Notice Documents* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                             *s/Frank A. Bartela*
                                             Attorney for Plaintiff